# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                                        **CRIMINAL ACTION NO. 1:13cr23**

**FRANK NAGI,**
           **Defendant.**

## ORDER/OPINION CONCERNING
## PLEA OF GUILTY AND SENTENCING IN MISDEMEANOR CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Frank Nagi, appeared before me in person and with his counsel, L. Richard Walker, on April 11, 2013. The Government appeared by Brandon Flower, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant would enter a plea of "Guilty" to a one-count Information. The Court determined that Defendant's plea was pursuant to a written plea agreement. The Court asked the Government to tender the original written plea agreement to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court continued with the proceeding by inquiring of Defendant as to his understanding of his right to have an Article III Judge hear and accept his plea and sentence him, and his willingness to waive that right, and instead have a Magistrate Judge hear and accept his plea and sentence him. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and sentence him, and voluntarily consented to the undersigned Magistrate Judge

hearing and accepting his plea and sentencing him, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter a guilty plea before a Magistrate Judge and to being sentenced by the Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Frank Nagi, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on March 26, 2013, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with Possession of a Prohibited Object (cell phone), in violation of Title 18, United States Code, Sections 1791(a)(2) and (b)(4).

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The Court reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the charge contained in the Information, the impact of the

sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined that Defendant understood the nature of the charge pending against him and understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty was imprisonment for a term of not more than one (1) year; a fine of not more than $100,000.00, or both fine and imprisonment; a period of supervised release of not more than one (1) year; and a special mandatory assessment of $25.00.

Defendant also understood that the parties agreed that the appropriate sentence in this case is three (3) months incarceration to be served consecutively with the sentence(s) presently being served by the defendant; imposition of the mandatory Special Assessment of $25.00; no fine for the reason that the defendant does not have the financial ability to pay a fine; and no additional supervised release be imposed. The Court advised, and determined Defendant understood, that the Court was not bound by the parties' agreed sentence, unless it accepts his plea and determines the recommended sentence is reasonable under the law and facts applicable to his case.

Defendant understood that if the Court chose not to be bound by the recommended sentence, the Court would advise him of that fact, and then would permit Defendant to withdraw his guilty plea. If the Court advised Defendant it was not going along with the recommended sentence, and Defendant did not then withdraw his guilty plea, the Court would be allowed to sentence him to any sentence within the statutory maximum and he would not be permitted to withdraw his guilty plea.

The parties understood they waived the right to have a full presentence investigation and requested the court impose the sentence immediately upon acceptance of the guilty plea.

The plea agreement states that, should the Court accept the agreement, including the

recommended sentence, Defendant waives the right to appeal his sentence or any other issue on any ground whatsoever. The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of this conditional waiver of his appellate rights as contained in the written plea agreement as follows:

Ct: Do you understand that if I go along with your deal reached with Mr. Flower, and go along with the three months of imprisonment consecutive to the sentence you're now serving, or any sentence that you're now serving in federal court, you then give up your right to appeal that sentence or to collaterally attack or challenge that sentence using a habeas corpus motion?

Def: Yes, sir.

Ct: And you understand that waiving or giving up are the same thing?

Def: Yes, sir.

Based upon which the Court determined that Defendant understood his appellate rights and voluntarily gave them up under the condition stated in the written Plea Agreement.

The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing, and further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Frank Nagi, with the consent of his counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the charge contained in the one-count Information.

The Court then heard the testimony of Special Investigator Technician Jeffrey Duranko, who works at FCI Morgantown. As such he investigates inmate activity and criminal activity. FCI Morgantown is a low security prison for federal inmates. The facility is owned and operated by the

Department of Justice. There are items that are not permitted to be possessed by inmates. One of these items is a cell phone. It is prohibited by policy and Statute. Officer Duranko identified Defendant was an inmate in the custody of FCI Morgantown, Monongalia County, within the Northern district of West Virginia, on January 27, 2013. A cell phone was discovered in Defendant's possession by another officer at the facility. Officer Duranko read the incident reports and statements, and based on his review, and investigation determined that Defendant was hiding a cell phone on his person in his clothes. He had also hidden a cell phone charger and earphones under other clothes. The cell phone was connected to a cellular phone company, and is a prohibited item.

Defendant stated that he heard, understood, and agreed with Officer Duranko's testimony. The court finds the testimony provides, beyond a reasonable doubt, proof of each of the elements of the charge to which Defendant has pled guilty.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea, and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charge against him; Defendant understood the consequences of his plea of guilty, including the maximum statutory sentence and the recommended sentence; Defendant made a knowing and voluntary plea; and Defendant's plea is independently supported by Officer Duranko's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the

charge contained in the one-count Information and adjudges him **GUILTY** of said charge as contained in the one-count Information.

The Court then proceeded with the sentencing of Defendant. Neither party objected to the modified amended pre-sentence report. The pre-sentence report was ordered filed. Both parties agreed the sentence was consistent with a guideline sentence. Upon review, the Court finds , in agreement with the modified pre-sentence report, that the guideline range for this case is 2-8 months imprisonment. The maximum statutory sentence is one year imprisonment. The Court further finds that the recommended sentence of three months imprisonment consecutive to any sentence the Defendant is presently serving is fair and reasonable and within the guidelines under the facts and circumstances of this case. The Court finds there is no evidence that Defendant can afford to pay a fine and therefore will impose no fine or costs of imprisonment. The Court will impose the mandatory special assessment of $25.00. The Court finds there is no reason for additional supervised release.

Hearing no objection, the Court announced the sentence of three months incarceration consecutive to the current federal sentence(s) Defendant is serving with no additional supervised release to follow, with no fine imposed, but imposing the mandatory assessment of $25.00. The Court ordered a J&C be prepared. There was no objection to the sentence.

The Court advised the Defendant that he had a right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals provided he give written notice of such appeal within 14 days of the Court's announcement of the sentence notwithstanding his conditional waiver of appeal as contained in his written plea agreement.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: April 12, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE